UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK L. HOLLOMAN,** | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:21-1943 |
| v. | : | (JUDGE MANNION) |
| **UNITED STATES,** | : | |
| Defendant | : | |

**MEMORANDUM**

**I.   Background**

On November 16, 2021, Plaintiff, Derrick Holloman, an inmate confined in the Schuylkill Federal Correctional Institution, Minersville ("SCI-Schuylkill"), Pennsylvania filed the above captioned Federal Tort Claims Act (FTCA) pursuant to 28 U.S.C. §1346, alleging medical malpractice. (Doc. 1). Along with his complaint, Plaintiff filed an Application to Proceed *In Forma Pauperis.* (Doc. 2). By Order dated December 9, 2021, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* was granted and service of the complaint was ordered. (Doc. 7). By Order dated February 15, 2022, Defendant was granted until March 22, 2022 to respond to the complaint. (Doc. 13).

On March 15, 2022, Defendant filed a motion to revoke Plaintiff's *in forma pauperis* status, because he has had three, or more, previous lawsuits which constitute "three strikes" within the meaning of 28 U.S.C. §1915(g).

(Doc. 19). The Defendant requests the Court take judicial notice of Holloman v. Gray, et al., No. 5:00-CT-288-BR(2) (E. D. N. Carolina, May 17, 2000), dismissing Plaintiff's civil rights action on the basis that Plaintiff has the following "three strikes" within the meaning of 28 U.S.C. §1915(g):[1]

> * Holloman v. Nash Correctional, et al., No. 5:96-ct-171 (E.D. N. Carolina, March 12, 1996) (dismissing §1983 action alleging deprivation of canteen privileges as frivolous). No appeal filed.
>
> * Holloman v. Nash Correctional, et al., No. 5:96-ct-487 (E.D. N. Carolina, Oct. 2, 1996) (dismissing §1983 action alleging mail tampering as frivolous). No appeal filed.
>
> * Holloman v. Nowell, et al., No. 5:98-ct-60 (E.D. N. Carolina, April 1, 1998)(dismissing §1983 action alleging inadequate medical treatment as frivolous).

Id.

For the reasons set forth below, the Court will grant Defendant's motion to revoke Plaintiff's *in forma pauperis* status and will dismiss the action without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees.

---

[1] The three strike rule announced by the United States Court of Appeals for the Third Circuit in Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) is that "a strike under §1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous, malicious, or fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§1915A(b)(1), 1915(e)(2)(B)(i), 1915e(2)(B)(ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure."

II.  **Discussion**

Pursuant to 28 U.S.C. §1915(g), a prisoner, who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted). Holloman has had three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. He does not dispute any of his strikes. Accordingly, he may not

proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v, Cross, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. Id. at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." Id.; see also Abdul-Akbar, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.' " Abdul-Akbar, 239 F.3d at 313.

In Ball v. Hummel, the Court found that the four months that elapsed between the plaintiffs alleged harm and the filing of the civil rights complaint did not amount to imminent harm which would justify avoidance of the sanctions prescribed by 28 U.S.C. §1915(g). Ball v. Hummel, 2012 WL 3618702 (M.D. Pa. 2012), *adopted by*, 2012 WL 3624045 (M.D. Pa. 2012), affirmed, 577 F. App'x 96 (3d Cir. 2014). The Court in Ball further stated that

- 4 -

the inmate could not save her "otherwise inadequate pleadings by alleging in vague and conclusory terms that she feels constantly under threat of some sort of harm. Quite the contrary, it is well-settled that: 'this type of general assertion: is insufficient to invoke the exception to §1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.' " Ball, 2012 WL 3618702, at *11 (citations omitted).

Plaintiff's action, filed on November 16, 2021, alleges that Plaintiff is "an inmate with multiple food allergies and an epinephrine injunction." (Doc. 1). He claims that when he arrived at FCI-Schuylkill on February 18, 2015, Clinical Director Ellen Mace Leibson "placed [his] life in grave danger by totally disregarding allergy test results that had been conducted by [a] licensed allergy specialist," when "instead of sending copies of [Plaintiff's] test results to Food Services in its entirety, she sent a diet order containing only (7) food items out of the (18) foods that [Plaintiff] was found to be allergic to" and that "by doing this not only did she place [Plaintiff's] life in danger by allowing the Food Service department to give [him] food that [he is] allergic to, but this action violated several policies and constitutional rights." Id.

Specifically, Plaintiff claims that on November 14, 2019, he "had to be hospitalized, placed in a medically induced coma on a ventilator for almost a

week." Id. He claims that on that day he was on a "self select diet" and that "placing [him] on a self select diet is in violation of several different BOP policies and inmate rights" because "every single day some food is served that [he is] allergic to" and that "every day [he is] given the option of trying to eat something that [he is] allergic to or not eat at all." Id. Thus, he claims that "per policy [he] should have never been placed on a self select diet…ever." Id.

On March 15, 2022, Plaintiff filed a motion for preliminary injunction in which he attempts to demonstrate that he is in imminent danger. (Doc. 16). Plaintiff indicates that while he has been housed at SCI-Schuylkill, he has suffered "2 of these attacks so serious that the Plaintiff had to be taken to the hospital, once on 7-31-2018" and "once again on 11-19-2019."[2] (Doc. 17). Plaintiff concludes that "as a result Plaintiff will continue to face a substantial risk of serious harm as a direct result of Defendant's deliberate indifference." Id.

Plaintiff fails to show that he was in imminent danger on November 16, 2021, the date he filed his complaint. By his own allegations, Plaintiff admits

---

[2] The Court notes that Plaintiff references November 14, 2019 in his complaint as the date in which he suffered an allergic reaction. Regardless of whether this is a typographical error or another alleged incident, as discussed infra, neither date meets the imminent danger exception to 28 U.S.C. §1915.

- 6 -

to not having experienced an allergic reaction in nearly two years. The imminent danger exception is to provide a "safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred." Abdul-Akbar, 239 F.3d at 315. Holloman has failed to meet the imminent danger exception to 28 U.S.C. §1915(g)'s three strikes rule, and thus failed to make the requisite showing to avoid the revocation of his *in forma pauperis* status. Accordingly, Defendant's motion to revoke Plaintiffs leave to proceed *in forma pauperis* will be granted and the action will be dismissed without prejudice. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis*. He must pay the filing fee at the time he **initiates** the suit.") (emphasis in original). See also Brown v. City of Philadelphia, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions and affirming the district court's order dismissing the complaint pursuant to §1915(g)).

## IV. Conclusion

For the reasons set forth above, the Defendant's motion to revoke Plaintiff's *in forma pauperis* status will be granted and the complaint will be dismissed without prejudice to Plaintiff refiling it by paying the full statutory and administrative filing fee.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 13, 2022**
21-1943-01